UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

L-3 COMMUNICATIONS CORPORATION,

    Plaintiff,

v.                                                      Case No. 6:13-cv-1481-Orl-TBS

SPARTON CORPORATION and SPARTON
ELECTRONICS FLORIDA, INC.,

    Defendant.
_____/

ORDER

This case comes before the Court on Defendants' Second Motion to Dismiss (Doc. 58) and Plaintiff L-3 Communications Corporation's response (Doc. 62).[1]

Plaintiff seeks damages from Defendants Sparton Corporation ("SC") and its wholly owned subsidiary, Sparton Electronics Florida, Inc. ("SEF"), based upon their alleged sale of defective circuit card assemblies to Plaintiff. (Doc. 1). Plaintiff bases its claims in part on a series of purchase orders ("Purchase Orders") it issued, copies of which are not attached to its original complaint. (Id.). The original complaint included claims for breach of contract, breach of warranty, breach of the implied covenant of good faith and fair dealing, and negligence. (Id.).

Defendants were served and filed a joint motion to dismiss the counts for negligence and breach of the implied covenant of good faith and fair dealing. (Doc. 24). Plaintiff did not file a response in opposition to the motion. Instead, it amended

---

[1] Following the parties' consent, the District Judge referred this case to the Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and FED.R.CIV.P. 73. (Doc. 45).

its complaint to remove the negligence claims. (Doc. 35). Plaintiff did not attach copies of the Purchase Orders to its amended complaint. (Id.). After Plaintiff amended, SC and SEF withdrew their motion to dismiss and filed a joint answer and affirmative defenses. (Doc. 42). Approximately two and one-half months later, SC and SEF filed the pending motion to dismiss. (Doc. 58).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must contain a "short and plain statement showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting F ED. R. CIV. P. 8(a)(2)). A complaint must aver sufficient facts which, accepted as true, "state a claim to relief that is plausible on its face." Id. (quoting Bell Atlantic corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Detailed factual allegations are not required, but labels and conclusions, mere naked assertions, or formulaic recitations of the elements of a cause of action are not sufficient. Id. at 678 (citing Twombly, 550 U.S. at 555).

When ruling on a motion to dismiss, the Court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (11th Cir. 2007). All well pled factual allegations in the complaint are accepted as true and construed in the light most favorable to the non-

moving party. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006).  The Court does not have to accept as true a legal conclusion stated as a "factual allegation" in the complaint. Iqbal, 556 U.S. at 678.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (citation omitted).

SC seeks dismissal of all counts against it on the ground that Plaintiff only issued the Purchase Orders to SEF. (Id., at 1). Because the Purchase Orders are not attached to the amended complaint or the parties' motion papers, all SC's motion does is deny the averments in paragraphs 14 and 15 of the amended complaint that Plaintiff issued the Purchase Orders to both Defendants. The motion to dismiss cannot be granted based upon a simple denial.

SC's motion is contradicted by its answer. Throughout the pleadings Plaintiff refers to SC and SEF collectively as the "Sparton Defendants." (Id.). In their answer, SC and SEF refer to themselves collectively, as "Sparton." (Doc. 62 at 1).  In response to paragraphs 14 and 15 of the amended complaint, SC and SEF have admitted that Plaintiff issued the Purchase Orders to "Sparton," meaning both of them. (Doc. 42 at ¶¶ 14-15).

Federal Rule of Civil Procedure 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The original complaint alleged that Plaintiff entered into the Purchase Orders with SC and SEF. (Doc. 1, ¶ 11). If SC is not a party to the Purchase Orders, then nothing prevented it from seeking dismissal on this

-3-

ground when the first motion to dismiss was filed. SC has not explained its failure to present this argument in its first motion to dismiss. Thus, SC waived this argument and is precluded by Rule 12(g)(2) from making it now.

SC and SEF both argue that Count VII of the amended complaint, alleging breach of the implied covenant of good faith and fair dealing, should be dismissed because it is redundant. Plaintiff contends, and Defendants do not dispute, that this issue is governed by the law of the state of New York. (Doc. 35, ¶ 21 and Doc. 58 at 5-7). New York law recognizes an implicit implied covenant of good faith and fair dealing in all contracts. Van Valkenburgh, Nooger & Neville v. Hayden Publ. Co., 30 N.Y.2d 34, 45, 330 N.Y.S.2d 329, 281 NE.2d 142 (1972). It also provides that breach of the implied covenant is simply a breach of the underlying contract. Harris v. Provident Life and Acc. Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002) (citing Fasolino Foods Co. v. Banca Nazionale del Lavoro, 961 F.2d 1052, 1056 (2d Cir. 1991). For this reason, "'New York law ... does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts is also pled.'" Fleisher v. Phoenix Life Ins. Co., 858 F.Supp.2d 290, 299 (S.D.N.Y. 2012) (quoting Harris, 310 F.3d at 81). When the allegations of the breach of the implied covenant are not sufficiently distinct from the allegations of breach of contract, the claim for breach of the implied covenant will be dismissed on the ground that it is redundant. Fleisher, 858 F.Supp.2d at 300; Deutsche Bank Securities Inc. v. Rhodes, 578 F.Suppl2d 652, 664 (S.D.N.Y. 2008); Bear Stearns Funding, Inc. v. Interface Group-Nevada, Inc., 361 F. Supp. 2d 282, 303

(S.D.N.Y.. 2005); Ari and Co., Inc. v. Regent Int'l Corp., 273 F. Supp. 2d 518, 522 (S.D.N.Y. 2003); National Westminster Bank PLC v. Grant Prideco, Inc., 261 F. Supp. 2d 265, 274-75 (S.D.N.Y., 2003); Harris, 310 F.3d at 81-84; Alter v. Bogoricin, No. 97 CIV. 0662(MBM), 1997 WL 691332 * 8 (S.D.N.Y. Nov. 6, 1997).

Plaintiff argues that the allegations of fact in Count VII are not alleged in its breach of contract claims and therefore, Count VII should survive. It also argues that even if the claims are not distinct, Federal Rule of Civil Procedure 8(d)(2) permits parties to plead in the alternative. (Doc. 62 at 11-13). These arguments require the Court to examine Counts IV, V, and VII of the amended complaint.

Count IV alleges that Defendants were required to provide goods in accordance with the terms of the Purchase Orders. (Doc. 35, ¶ 72). Plaintiff claims that Defendants breached the Purchase Orders as follows: (1) they developed processes that failed to take into account the clearances between various components, and the effect they might have on the processes Defendants were to develop and perform; (2) the assemblies provided by Defendants had design and workmanship defects including excessive application of flux and/or solder; (3) Defendants failed to test for excessive application of flux and/or solder; and (4) Defendants failed to prove work and services that met high professional standards. (Id., ¶¶ 73-77).

Count V alleges that pursuant to the terms and conditions of the Purchase Orders, Defendants warranted that the goods they supplied were: (1) free from defects in workmanship, materials and design, and conformed with the requirements

of the Purchase Orders; (2) were to high professional standards; (3) the performance of the work and services conformed to the requirements of the Purchase Orders; and (4) were to high professional standards.  (Id., ¶ 84).  Plaintiff claims that Defendants breached these warranties by providing defective products that were not free from design and workmanship defects; and that were not to high professional standards.  (Id., ¶¶ 85-86).

Count VII alleges that Defendants represented and warranted that they were familiar with, had experience with, and knowledge of the characteristics and performance of, the materials and processes they agreed to develop and provide to Plaintiff.  (Id., ¶ 100).  By way of example, Plaintiff alleges that Defendants represented and warranted that they: (1) were familiar with low temperature solder; (2) the flux they proposed using was non-corrosive; (3) no-clean flux did not require cleaning; (4) they understood there could be no residue left; (5) the synthesizers could not be washed; (6) changing the solder paste originally used would ensure that there would be no residue; and (7) they could develop processes that would work for Plaintiff's design.  (Id., ¶ 101).  Plaintiff complains that these representations and warranties were false, and not made in good faith.  (Id., ¶ 103).

All three counts pray for the recovery of all types of damages suffered by Plaintiff, including costs of correcting the non-conformance, costs for developing other sources for the goods, and increased costs in obtaining the goods from another source.  (Id., ¶¶ 81-82, 88-89 and 106-107).

Counts IV, V and VII are premised on the same facts. Each relies upon Plaintiff's claim that it contracted with Defendants to provide goods and services, and that the design, materials and workmanship it received were defective and failed to meet high professional standards. These counts also all seek the same relief. Consequently, Count VII duplicates Counts IV and V. Fleisher, 858 F.Supp.2d at 299; Ari and Co., 273 F.Supp.2d at 522; Alter, 1997 WL 691332 * 8.

Plaintiff argues that even if Count VII is redundant, it should not be dismissed because Plaintiff is permitted to plead in the alternative. Rule 8(d)(2), provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Id. Plaintiff cites the following cases in support of this proposition: In re: Ideal Mortgage Bankers, Ltd., No. 12-08453-dte, 2013 WL 6813737 (Bankr. E.D.N.Y. Dec. 23, 2013); Hard Rock Café Int'l, (USA) v. Hard Rock Hotel Holdings, LLC, 808 F. Supp. 2d 552, 567-68 (S.D.N.Y. 2011); and Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc., 341 F. Supp. 2d 258, 272 (S.D.N.Y. 2004).

The Court is unable to fully reconcile the cases cited by Plaintiff with the cases relied upon by Defendants. It finds the clearest explanation why some courts dismiss the redundant claims while other do not in Ideal Mortgage. There, the Court said many of the state and federal decisions permitting parties to plead both breach of contract and quasi-contract claims have done so when there is a dispute as to the validity of the underlying contract. In re: Ideal Mortgage Bankers, Ltd., 2013 WL 6813737 * 8-9. This makes sense because in those circumstances, the plaintiff may

ultimately need to rely upon a quasi-contractual theory in order to recover.  Id.  The Hard Rock decision similarly observes that "where the existence or meaning of a contract is in doubt, a party may plead a claim for breach of the covenant of good faith and fair dealing in the alternative."  Hard Rock Café Int'l, (USA) v. Hard Rock Hotel Holdings, LLC, 808 F. Supp. 2d at 567.

SC contends that it is not a party to the Purchase Orders.  Therefore, the validity of the Purchase Orders against SC is in doubt and Plaintiff may proceed against it on the alternative theory of breach of the implied covenant of good faith and fair dealing.  SEF does not deny that the Purchase Orders were issued to it.  Therefore, Count VII against SEF will be dismissed because it is redundant.

Plaintiff asks that if the motion to dismiss is granted, then it be given leave to further amend its complaint. (Doc. 62 at 18).  This is denied.  All requests for affirmative relief shall be made by a separate motion.  See FED.R.CIV.P. 7; M.D. Fla. Rules 3.01(a) and (f).  This relief is also denied because there is no factual basis for a separate claim of breach of the implied covenant against SEF.

Based upon the foregoing it is ORDERED and ADJUDGED that the motion to dismiss Count VII against SEF is GRANTED without leave to amend.  In all other respects, the motion is DENIED.

DONE AND ORDERED in Orlando, Florida, on May 15, 2014.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel