UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

L-3 COMMUNICATIONS CORPORATION,

    Plaintiff,

v.                                                     Case No.  6:13-cv-1481-Orl-TBS

SPARTON CORPORATION and SPARTON
ELECTRONICS FLORIDA, INC.,

    Defendants.
_____/

## ORDER

This case comes before the Court on the Motion of L-3 Communications Corporation, Doing Business as L-3 Linkabit, to Quash Defendants' Subpoenas for Deposition Testimony and Production of Documents to Non-Party Expert Exelis, Inc.; for a Protective Order; and for a Stay of Exelis, Inc.'s Compliance with the Subpoenas Pending an Order on the Motion (Doc. 66).  Defendants filed a response to the motion (Doc. 76), and the Court heard oral argument.

Plaintiff manufactures and sells a ruggedized modem.  (Doc. 61-3, ¶ 4).  For a period of time, Plaintiff purchased two of the assemblies incorporated into the modem from Defendants.  (Doc. 1, ¶¶ 12, 13).  The modems did not work, and in or about April, 2013, Plaintiff employed Exelis, Inc., to find the root cause of the problem.  (Doc. 66 at 41; Doc. 88 at 20-21).  Exelis issued at least 5 reports to Plaintiff as it obtained information and refined the information it was given.  (Id., at 27, 35-36).  Plaintiff voluntarily gave copies of some of those reports to Defendants.  (Id., at 28, 35).  Plaintiff explains that it provided certain of the Exelis reports to Defendants in an

attempt to resolve this controversy without litigation.  (Doc. 88 at 26-27).  Defendants dispute this contention.  They argue that Plaintiff gave them copies of the Exelis reports because the parties were working together cooperatively to troubleshoot the problem with the modems, and not because any litigation was contemplated.  (Id., at 32).  After this lawsuit was filed, Defendants served two subpoenas on Exelis.  The first subpoena is for the deposition of a records custodian with knowledge of the documents that exist, relating to services performed by Exelis for Plaintiff.  (Doc. 66 at 13-16).  The second subpoena is for all documents concerning the analysis, design, engineering, manufacturability, and component compatibility of the assemblies Plaintiff purchased from Defendants.  (Id., at 18-22).  Exelis filed written objections to the subpoenas.  It has not sought to quash the subpoenas or obtain a protective order.  (Doc. 76 at 1).

Plaintiff is moving the Court to quash the subpoenas and for a protective order.  As its first ground, it argues that Defendants are attempting to short-circuit the deadlines established in the Case Management and Scheduling Order ("CMSO""").  (Doc. 66 at 2).  The CMSO establishes deadlines for the disclosure of expert witness reports, it does not preclude Defendants' subpoenas.  (Doc. 43 at 1).

Next, Plaintiff argues that Exelis is a consulting expert hired in anticipation of litigation and therefore, the subpoenas seek documents that enjoy the work-product protection first articulated by the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).  The work-product doctrine gives materials

prepared in anticipation of litigation by a party, attorney, or other representative of the party, qualified immunity.

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect materials prepared by agents for the attorney as well as those prepared by the attorney himself.

United States v. Nobles, 422 U.S. 225, 238-39, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

The work product doctrine has been codified in Federal Rule of Civil Procedure 26. Rule 26(b)(30(A) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED.R.CIV.P 26(b)(3)(A). Rule 26(b)(4)(D) provides that "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." FED.R.CIV.P 26(b)(4)(D).

The law recognizes two types of work-product. "Opinion work-product" is material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories. Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994). Opinion work-product "enjoys a nearly absolute immunity." Williamson v. Moore, 221 F.3d 1177, 1182 (11th Cir. 2000). "Not even the most liberal discovery

theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." Hickman v. Taylor, 329 U.S. at 510. "Fact work-product" refers to documents and things prepared in anticipation of litigation and for trial. Maplewood Partners, L.P. v. Indian Harbor Ins. Co., 2011 WL 3918597 * 3 (S.D.Fla. Sept. 6, 2011). Fact work-product is discoverable upon a showing that the party seeking discovery has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED.R.CIV.P. 26(b)(3).

Plaintiff, as the party asserting work-product, bears the burden of showing that the information it seeks to protect was prepared or obtained in anticipation of litigation. Spirit Funding, LLC v. Pike Nurseries Acquisition, LLC, 287 F.R.D. 680, 684 (N.D. Ga. 2012); In re Initial Public Offering Securities Litigation, 249 F.R.D. 457, 459 ((S.D.N.Y. 2008). "This is considered to be a heavy burden and cannot be discharged by mere conclusory or ipse dixit assertions." In re Initial Public Offering Securities Litigation, 249 F.R.D. at 459 (internal quotations omitted). Documents created in the ordinary course of business do not enjoy work-product protection and are discoverable. St. Joe Co. v. Liberty Mut. Ins. Co., 2006 WL 3391208 *7 (M.D.Fla. Nov. 22, 2006). "The work product privilege 'must be specifically raised and demonstrated rather than asserted in a blanket fashion.'" Id., (quoting Carnes v. Crete Carrier Corp., 244 F.R.D. 694, 698 (N.D.Ga. 2007)). Plaintiff has filed the declaration of its Vice President of Operations and Florida Site Manager, Sean Dempsey who says that in or about April, 2013, when Plaintiff engaged Exelis "it was my understanding that [Plaintiff] planned

to commence litigation against Defendants if Defendants did not accept responsibility for being the cause of those failures.  As such, at that time, there existed more than a remote possibility of litigation with Defendants." (Doc. 66 at 41-41).  The Court has doubts about whether Mr. Dempsey's affidavit is sufficient for Plaintiff to meet its burden.

However, this dispute can be resolved on the basis of waiver, without the Court having to decide if Plaintiff sustained its burden, and without the Court having to resolve any disputed issues of fact.  "Waiver" is the intentional relinquishment of a known right.  Allapattach Services, Inc. v. Exxon Corp., 188 F.R.D. 667, 681 (S.D.Fla. 1999).  A party can waive work-product protection.  Gruss v. Zwirn, 2013 WL 3481350 *7 n. 1 (S.D.N.Y. July 10, 2013); Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251,  (D.Md. 2008); Bank of America v. Terra Nova Ins. Co., 212 F.R.D. 166, 169-70 (S.D.N.Y. Dec. 12, 2002); United States v. Massachusetts Institute of Technology, 129 F.3d 681, 687 (1st Cir. 1997); Steinhardt Partners, L.P. v. Salomon Brothers Treasury Litigation, 9 F.3d 230, 235 (2nd Cir. 1993).

Assuming arguendo, that Exelis qualifies as a consulting expert, and that all of the reports it produced enjoyed work-product protection, Plaintiff knowingly and voluntarily turned some of those reports over to its adversaries.  Plaintiff's actions nullified the policy underlying the work-product doctrine and constituted a waiver of the work-product privilege to the extent of the information covered in those reports.  In order for Defendants to understand, challenge, and otherwise make use of the reports given to them by Plaintiff, they will need to know the communications between Exelis

and others, what investigations and tests it performed, the results of those investigations and tests, the information it obtained, and any other information it developed, which underlies the reports given to Defendants.  The Court finds that this information is also discoverable.  Plaintiff has not waived the work-product privilege with respect to any other communications, investigations, tests, or information obtained or prepared by Exelis.  If Defendants believe this other information is discoverable, then additional litigation will be required.

Plaintiff's third argument is that the subpoenas are overbroad.  The Court agrees.  Defendants' subpoenas to Exelis encompass projects unrelated to its investigation and analysis of the problems with the ruggedized modems, and information which may be privileged.  Accordingly, the scope of the subpoenas is limited to the information which the Court has found is not protected by the work-product privilege and which concerns the ruggedized modems.

Plaintiff's final complaint, that the subpoenas seek trade secrets and other confidential information that is not relevant to this litigation is resolved by this Order, and the Court's earlier Order (Doc. 87).

Exelis is not a party to this proceeding, and the Court has not made any rulings on its objections to Defendants' subpoenas.

Now, Plaintiff's motion to quash the subpoenas is GRANTED in part and DENIED in part as provided in this Order; Plaintiff's motion for a protective order is DENIED; and Plaintiff's motion for a stay of Exelis' compliance with the subpoenas is DENIED as moot.

DONE AND ORDERED in Orlando, Florida, on June 25, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel