UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

L-3 COMMUNICATIONS CORPORATION,

    Plaintiff,

v.     Case No. 6:13-cv-1481-ORL-36TBS

SPARTON CORPORATION and SPARTON
ELECTRONICS FLORIDA, INC.,

    Defendant.
_____/

## ORDER

Plaintiff L-3 Communications Corporation ("L-3") manufactures and sells a ruggedized modem comprised of 5 major assemblies and 18 sub-assemblies. (Doc. 61-3, ¶ 4). For a period of time, two of those assemblies, the "Ref Gen CC" and the "Rx CCA," were assembled by Defendants Sparton Corporation and Sparton Electronics Florida, Inc. (collectively "Sparton"). (Doc. 1, ¶¶ 12, 13). L-3 has filed this lawsuit alleging that the Ref Gen CC's and Rx CCA's it purchased from Sparton were defective. (Id., ¶¶ 27, 42, 43). Sparton denies L-3's allegations of liability and damages. (Doc. 42). The case is now before the Court on Sparton's Motion to Compel Plaintiff's Response to Sparton's First Interrogatories (Doc. 56), and Sparton's Motion to Compel Plaintiff's Responses to Sparton's Requests for Production of Documents. (Doc. 57). The Court heard oral argument on June 18, 2014 and now, the motions are GRANTED in part and DENIED in part.

L-3's responses to Sparton's interrogatories and requests for production include general objections of the boilerplate, one size fits all variety, which this and

other courts routinely reject. For the reasons explained in the cited cases, all of L-3's general objections in its answers to interrogatories and response to the request to produce are OVERRULED. See Chambers v. Sygma Network, Inc., No. 6:12-cv-1802-Orl-37TBS, 2013 WL 1775046 *3 (M.D.Fla. Apr.25, 2013); Mendez v. Land Investors, Corp., No, 2:12-cv-158-FtM-29SPC, 2012 WL 6012906 *1 (M.D.Fla. Dec.3, 2012); Arthrex, Inc. v. Parcus Medical, LLC, No. 2:11-cv-694-FtM-29SPC, 2012 WL 5382050 *3 (M.D.Fla. Nov.1, 2012); Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005); FDIC v. Brudnicki, No. 5:12-cv-00398-RSGRJ, 291 F.R.D. 669, 2013 WL 2948098 *4 n. 4 (N.D.Fla. June 14, 2013); Ochoa v. Empresas ICA, S.A.B., No. 1123898-CIV, 2012 WL 3260324 *2 (S.D.Fla. Aug.8, 2012); Robinson v. City of Arkansas City, Kan., No. 101431JARGLR, 2012 WL 603576 *6 (D.Kan. Feb.24, 2012); Williams v. Taser Intern., Inc.,No. 1:06-CV-0051-RWS, 2007 WL 1630875 *3 n. 3 (N.D. Ga. June 4, 2007); Russell v. Daiichi-Sankyo, Inc., No. CV 11-34-BLG-CSO, 2012 WL 1161435 *1-2 (D.Mont. Apr.6, 2012).

Should L-3 assert that Sparton's interrogatories or request to produce seek the discovery of privileged information then, in the absence of a written agreement between the parties which provides for a different procedure, L-3 shall comply with FED.R.CIV.P. 26(b)(5).

The relevant time frame for discovery permitted by this Order is October 2008 to the present.

The discovery permitted by this Order is limited by the holdings in the Orders at docket entries 87 and 92.

## Motion to Compel Response to Interrogatories

The parties sought leave to serve up to 50 interrogatories.  The Case Management and Scheduling Order limits them to 25 (Doc. 43), and the parties have not agreed to a greater number.  Accordingly, L-3's objections to Sparton's interrogatories in excess of 25 are SUSTAINED.

L-3's objections to Sparton's interrogatories numbered 6-9, 14, 16-21, 23 and 24 are OVERRULED.  L-3's objections to interrogatory number 22 are SUSTAINED.  Unless the parties make a different agreement in writing, L-3 shall serve its answers to these interrogatories within 16 days from the rendition of this Order.

## Motion to Compel Production

L-3's objections to Sparton's requests for production numbered 4-11 and 14-22 are OVERRULED.  Unless the parties make a different agreement in writing, L-3 shall produce the documents responsive to Sparton's request within 16 days from the rendition of this Order.

DONE AND ORDERED in Orlando, Florida, on July 18, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel