UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

L-3 COMMUNICATIONS CORPORATION,

        Plaintiff,

v.                                          Case No.  6:13-cv-1481-ORL-36TBS

SPARTON CORPORATION and SPARTON
ELECTRONICS FLORIDA, INC.,

        Defendant.
_____/

## ORDER

On June 18, 2014, the Court held a hearing to resolve multiple discovery disputes between the parties.  Following the hearing, the Court entered a series of Orders (Docs. 86, 87, 92, 94).  Unfortunately, the parties continue to disagree about the scope of discovery and on August 5, 2014, the Court heard argument on Defendants' Motion to Compel Plaintiff's Compliance with Discovery Orders (Doc. 95).  Before addressing the issues raised by the parties, the Court will take this opportunity to share some of its philosophy on discovery with the parties.

Lawyers should not improperly obstruct their opponent's access to evidence. Dilatory practices in discovery bring our system of justice into disrepute, and they add undue client cost to the already expensive process of litigation.  Discovery should be a cooperative process the goal of which is to get the facts out on the table.  Once that is accomplished, the applicable law can be applied to the facts to reach a correct result.

Over-discovery remains a problem in civil practice.  Discovery must be proportional to what is in dispute, the accessibility of information, and the expense of

retrieving and producing information.  Federal Rule of Civil Procedure 26(b)(2)(C) provides clear direction to the parties and courts and must be adhered to.  Evasion is also a problem.  This tactic is costly for clients and of questionable effectiveness.

Courts should not be much involved in the discovery process.  When there are disagreements, attorneys who make a good-faith effort to confer should be able to eliminate the need for filing most motions.  Even if they are not entirely successful, attorneys who confer in good faith should be able to narrow the issues that need to be litigated and reduce the amount of time and money necessary to resolve their clients' disputes.

Because discovery disputes occur outside of court counsel have the unenviable task of bringing objectionable matters to the court's attention.  These squabbles are generally unpleasant, time consuming, and occasionally, obnoxious.  Still, the Court is required to step in to resolve disputes, maintain rationality, peace and (hopefully) efficiency.

With these thoughts in mind, the Court will address the specific issues before it.  The parties intend to designate some information "Attorneys' Eyes Only."  Regardless of the date or source of the information, Defendants' counsel may divulge information concerning the Ref Gen CC and Rx CCA assemblies and all sub-assemblies that comprise the Ref Gen CC and Rx CCA , including information designated "Attorneys' Eyes Only," with a single client representative who is prohibited from disseminating the information to Defendants.

Discovery by Defendants is not limited to the defects alleged in Plaintiff's complaint.  For now, the Court has limited the scope of discovery by Defendants to: (1) the design, engineering, and testing of the Ref Gen CC and Rx CCA assemblies and sub-assemblies; (2) efforts by Plaintiff to investigate and understand why the modems did not work as intended; (3) the identification and elimination of the problem(s) with the modem; and (4) identification of the custodians of the greatest quantities of information concerning the Ref Gen CC and Rx CCA assemblies and sub-assemblies.  The Court has also decreed that discovery into why the modems did not work as intended is initially limited to information possessed by Plaintiff, regardless of where in the company it is located, concerning: (1) the defects alleged in the amended complaint; (2) if any person(s) now or previously employed by Plaintiff were charged with finding out why the modems did not work then their opinions, along with the information they assembled and created; and (3) any opinions offered by the United States military, General Dynamics or Lockheed Martin about why the modems did not work.

This means, inter alia, that Defendants are entitled to discovery concerning the design and engineering of the Ref Gen CC and RX CCA by third parties; information from Plaintiff and third parties concerning the failure of Ref Gen CC and RX CCA; information regarding subassemblies or components of the Ref Gen CC and RX CCA concerning their design or failure; customer or US military complaints, communications or analysis of the Ref Gen CC and RX CCA performance or failures; evidence of defects or issues related to Plaintiff's assembly of daughter cards to

mother boards in the Ref Gen CC and RX CCA; Plaintiff's specific use or purpose for the Ref Gen CC and RX CCA; design parameters and customer restrictions for the RefGen CC and RX CCA; process deviations for the Ref Gen CC and RX CCA; Plaintiff's efforts to qualify and validate the impact of the process changes on Ref Gen CC and Rx CCA performance; communications by and among Plaintiff's employees, agents or officers referring or relating to design, failure and re-working of the Ref Gen CC and Rx CCA; and documents relating to or evidencing performance of the Ref Gen CC and RX CCA.

The parties are on notice that following the initial discovery, the scope may be modified to the extent it is logical and reasonable to do so.

Plaintiff argues that Defendants are proposing overbroad electronic discovery search terms. It points, for example, to Defendants' requests which combine "Modem failure" with "Defect," "Failure," "Design," and/or "Testing." And, "Modem" with "Process Change," or "Non-conformance." (Doc. 99-3 at 2). The Court agrees that these proposed search terms encompass the entire modem and are therefore, broader than what the Court has allowed.

There may also be an issue about who signs Defendants' answers to Plaintiff's interrogatories. The Court understands this has been resolved but if not, then a parties' answers to interrogatories shall be signed by an officer or agent of the party as provided in FED. R. CIV. P. 33(b)(1)(B).

Defendants' motion is GRANTED to the extent provided in this Order and otherwise DENIED.

`` 
DONE AND ORDERED in Orlando, Florida, on August 6, 2014.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel