UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

L-3 COMMUNICATIONS CORPORATION,

   Plaintiff,

v.     Case No:   6:13-cv-1481-Orl-TBS

SPARTON CORPORATION and SPARTON
ELECTRONICS FLORIDA, INC.,

   Defendants.

## ORDER

Today, the Court held a hearing on Defendants' Renewed Motion to Revoke Attorneys Eyes Only Designation and Request for Expedited Hearing (Doc. 172). Now, it is **ORDERED** that:

Effective immediately, the following procedures apply to all depositions. To the extent these procedures differ from the parties' Confidentiality Stipulation, that Stipulation is deemed amended by this Order.

   1. The corporate representative of the party taking the deposition may be present except when the witness is questioned about a document which:

      a. has been designated "Attorneys' Eyes Only" by the opponent; and

      b. the document has not been redacted to the satisfaction of the opponent.

   2. The corporate representative attending the deposition and the attorney for that party may discuss what occurs/occurred at the deposition.

   3. The corporate representative may not report to his employer about what occurred at the deposition. Counsel for the party can report to the client about the deposition, subject to the restrictions in the Confidentiality Stipulation.

4. When a party asks a court reporter to transcribe a deposition, the party will order a copy, at its expense, for the opponent.   The obligation to furnish a copy to the opponent does not extend to additional services a party may wish to purchase from a court reporter.

5. Upon receipt of its copy of the transcript, the party defending the deposition shall have three days to inform the opponent in writing, as to which pages and lines of the transcript are designated "Attorneys' Eyes Only."   The failure to make this designation within the three days constitutes a waiver.

The parties have agreed that Defendants may designate three employees to assist their counsel in his review of "Attorneys' Eyes Only" documents produced by Plaintiff.

If the "Attorneys' Eyes Only" designation, or any other matter becomes an issue at the mediation, the parties may ask the mediator to phone the Court to discuss them.   The Court will then decide if it wishes to hear from counsel.

Counsel shall contact the Courtroom Deputy to reserve additional time to argue discovery disputes.

Except as provided above, Defendants' Renewed Motion to Revoke Attorneys Eyes Only Designation and Request for Expedited Hearing (Doc. 172), is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on May 26, 2015.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record